UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Criminal Case No. 12-20218

JUSTON LABARON YOUNG,        Sean F. Cox
                                           United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Juston Labaron Young ("Young") was convicted of two counts of Robbery Affecting Interstate Commerce, and two counts of Using or Carrying a Firearm During a Federal Crime of Violence, and he is currently serving his lengthy prison sentence. The matter is currently before the Court on Young's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

## BACKGROUND

Young, along with several Co-Defendants, was indicted and charged in this case with multiple criminal offenses in relation to a series of armed robberies in the metropolitan Detroit area. The criminal case was originally assigned to the Honorable Lawrence P. Zatkoff.

Young ultimately pleaded guilty to two counts of Robbery Affecting Interstate Commerce, in violation of 18 U.S.C. § 1951, and two counts of Using or Carrying a Firearm During a Federal Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

Judge Zatkoff sentenced Young on April 11, 2013. At his sentencing hearing, Judge Zatkoff stressed the seriousness of Young's offenses:

> The Court has reviewed and considered and weighed the foregoing materials in conjunction with all the factors contained in 18 USC 3553. In particular, the nature and circumstances of the offense, which this offense, as the Court understands it, the defendant and co-defendants robbed two mobile telephone stores of cell phones which were then sold for cash. The money was then distributed between the persons who went into the store, one of which was the defendant. During the robbery the defendant possessed a handgun on at least one occasion which was pointed at the victims.
> . . . .
> The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense. And the Court finds this offense to be very serious. Any time somebody is being robbed, especially when a weapon is being present, there is the possibility and probability that someone is going to be injured or killed.

(ECF No. 312 at PageID.1684-1686). After considering the § 3553(a) factors, Judge Zatkoff ultimately sentenced Young to a total of 425 months of imprisonment. (*See* 4/16/13 Judgment).

Young did not file a direct appeal. On January 9, 2014, this case was reassigned to the undersigned judge.

On October 26, 2022, Young filed the instant Motion for Compassionate Release. His motion is based primarily on the stacking provision of 18 U.S.C. § 924(c), amended by Congress in the First Step Act such that the enhanced penalties for multiple convictions under that section only apply after a previous conviction has become final. Young's motion, however, also makes vague references to COVID-19 and monkey pox, suggesting that sentences imposed before those viruses posed a threat in prison environments warrant a reduction in sentences for some persons. But Young has not presented any medical records to show that he has any medical issues that place him at risk of suffering severe complications from COVID-19 or monkey pox and his motion is silent as to whether he had been vaccinated for COVID-19. Young's motion stresses

2

that he has made efforts toward rehabilitation while incarcerated, earning his G.E.D. and taking other courses.[1]

The Government does not dispute that Young has exhausted his administrative remedies but opposes the motion on the merits. It notes that Young is now 34 years old and is currently scheduled to be released until 2049. The Government contends that Foster cannot show extraordinary and compelling reasons for a reduction because a non-retroactive change in sentencing law cannot be considered under existing Sixth Circuit precedent. The Government also argues that a consideration of the § 3553(a) factors weighs against a sentence reduction in this case in any event.

## ANALYSIS

"Sentence modifications are the exception, not the rule. This is because 'a judgment of conviction that includes a sentence [of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (citations omitted). "One exception to the rule of finality is set forth in what is colloquially known as the 'compassionate release' statute." *Id*. "The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

A district court must deny a defendant's motion for compassionate release if the defendant fails to show that either extraordinary and compelling reasons warrant a sentence

---

[1] The Court also received a letter in support of Young's motion from one of his family members.

reduction or that a consideration of the § 3553(a) factors support a reduction. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021). And even if the prisoner has satisfied those requirements, "the district court 'may reduce the term of imprisonment,' but need not do so." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting § 3582(c)(1)(A)).

Here, Young contends that his efforts towards rehabilitation, and considerations regarding COVID-19 and monkey pox, along with non-retroactive amendments to the stacking provision of 18 U.S.C. § 924(c) in the First Step Act, constitute extraordinary and compelling circumstances that warrant a reduction in his sentence.

The parties disagree as to whether, under existing Sixth Circuit precedent, Young's sentencing disparity argument can be considered, along with other factors, in determining whether extraordinary and compelling circumstances warrant a reduction. The Government believes that the Sixth Circuit may provide clarity on that issue when it issues the *en banc* decision in *United States v. McCall*, 20 F.4th 1108 (6th Cir. 2021), *reh'g en banc granted*, 29 F.4th 816, 817 (6th Cir. 2022). But the Government contends that, regardless of the outcome in that decision, Young's motion should be denied because a consideration of the § 3553(a) factors warrants against a reduction in any event. The Court agrees.

That is, even if Young could establish extraordinary and compelling reasons for a sentence reduction, this Court concludes that a consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of

the sentencing factors in 18 U.S.C. § 3553(a).").

This Court has carefully considered the history and characteristics of Young. Young grew up in Detroit, Michigan and resided with his mother and step-father. By all accounts, Young was well cared for during his formative years. Young has an Eleventh grade education. Although he claims to have helped at his step-father's shoe-repair business (on an unpaid basis), Young has virtually no employment history.

At the time of the offenses, Young was 22 years old and was living with his sister in Detroit. Young has a history of gang involvement. Young described his physical health as good to pretrial services. Young claims to have mental health problems and in 2010 he was approved to receive Supplemental Security Income.

The undersigned judge agrees with Judge Zatkoff (the judge who imposed Young's sentence) that the crimes at issue here are very serious and troubling offenses. Thus, the nature and circumstances of Defendant's offense weigh strongly against his release. As the Government notes, Young engaged in a highly organized, dangerous, and wide-ranging criminal spree that put numerous lives at risk. Young armed himself with a firearm and pointed it at the terrified store employees during the robberies. Young's lengthy sentence reflects the seriousness of his crimes.

And while incarcerated, Defendant has racked up some 46 misconduct incidents – including possession of stolen property, possession of dangerous contraband, threatening behavior, and sexual misconduct. (*See* Govt.'s Ex, ECF No. 645-1). Young has served less than half of his imposed sentence.

This Court does not believe that releasing Defendant Young decades early would

promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court concludes that Young is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant Young's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

                                                        s/Sean F. Cox
                                                        Sean F. Cox
                                                        United States District Judge

Dated:  December 9, 2022