UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                            Criminal Case No. 12-20218

JUSTON LABARON YOUNG,                          Sean F. Cox
                                                                              United States District Court Judge
    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S ADDITIONAL
MOTION FOR COMPASSIONATE RELEASE (ECF NO. 730)**

In this criminal action, Defendant Juston Labaron Young was convicted of two counts of Robbery Affecting Interstate Commerce, and two counts of Using or Carrying a Firearm During a Federal Crime of Violence, and he is currently serving a lengthy prison sentence. Defendant has previously requested compassionate release and this Court has denied those motions. The matter is currently back before the Court on another motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that neither a hearing nor a response from the Government is warranted and orders that the motion will be decided without a hearing. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

Young, along with several Co-Defendants, was indicted and charged in this case with multiple criminal offenses in relation to a series of armed robberies in the metropolitan Detroit area. The criminal case was originally assigned to the Honorable Lawrence P. Zatkoff.

Young ultimately pleaded guilty to two counts of Robbery Affecting Interstate

Commerce, in violation of 18 U.S.C. § 1951, and two counts of Using or Carrying a Firearm During a Federal Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

Judge Zatkoff sentenced Young on April 11, 2013.  At his sentencing hearing, Judge Zatkoff stressed the seriousness of Young's offenses:

> The Court has reviewed and considered and weighed the foregoing materials in conjunction with all the factors contained in 18 USC 3553. In particular, the nature and circumstances of the offense, which this offense, as the Court understands it, the defendant and co-defendants robbed two mobile telephone stores of cell phones which were then sold for cash. The money was then distributed between the persons who went into the store, one of which was the defendant. During the robbery the defendant possessed a handgun on at least one occasion which was pointed at the victims.
> . . . .
> The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense. And the Court finds this offense to be very serious. Any time somebody is being robbed, especially when a weapon is being present, there is the possibility and probability that someone is going to be injured or killed.

(ECF No. 312 at PageID.1684-1686).  After considering the § 3553(a) factors, Judge Zatkoff ultimately sentenced Young to a total of 425 months of imprisonment.  (*See* 4/16/13 Judgment).

Young did not file a direct appeal.  On January 9, 2014, this case was reassigned to the undersigned judge.  Since that time, Young has filed several Motions for Compassionate Release, that have been denied by this Court.

On or about May 28, 2025, Young filed another motion seeking compassionate release. (ECF No. 730).

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances.

2

18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)).
> . . . .
> A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie,* 25 F.4th 583, 586 (6th Cir. 2022).

Here, Defendant argues that his request for compassionate release should be granted because his efforts towards rehabilitation, combined with other considerations, such as his need to provide care for his parents, constitute extraordinary and compelling circumstances.

This Court continues to conclude that Defendant Young has not established "extraordinary and compelling" reasons for a sentence reduction.

Moreover, this Court continues to conclude that a consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

As this Court explained in its prior Opinion and Order denying Defendant's Motion for Compassionate Release, this Court has carefully considered the history and characteristics of Young and concludes that he is not a candidate for compassionate release:

3

> Young grew up in Detroit, Michigan and resided with his mother and step-father. By all accounts, Young was well cared for during his formative years. Young has an Eleventh grade education. Although he claims to have helped at his step-father's shoe-repair business (on an unpaid basis), Young has virtually no employment history.
>
> At the time of the offenses, Young was 22 years old and was living with his sister in Detroit. Young has a history of gang involvement. Young described his physical health as good to pretrial services. Young claims to have mental health problems and in 2010 he was approved to receive Supplemental Security Income.
>
> The undersigned judge agrees with Judge Zatkoff (the judge who imposed Young's sentence) that the crimes at issue here are very serious and troubling offenses. Thus, the nature and circumstances of Defendant's offense weigh strongly against his release. As the Government notes, Young engaged in a highly organized, dangerous, and wide-ranging criminal spree that put numerous lives at risk. Young armed himself with a firearm and pointed it at the terrified store employees during the robberies. Young's lengthy sentence reflects the seriousness of his crimes.
>
> And while incarcerated, Defendant has racked up some 46 misconduct incidents – including possession of stolen property, possession of dangerous contraband, threatening behavior, and sexual misconduct. (*See* Govt.'s Ex, ECF No. 645-1). Young has served less than half of his imposed sentence.
>
> This Court does not believe that releasing Defendant Young decades early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court concludes that Young is not an appropriate candidate for the extraordinary remedy of compassionate release.

(12/9/22 Opinion & Order at 5-6).

This Court continues to conclude that Defendant Young is not an appropriate candidate for compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant Young's additional Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: June 9, 2025

I hereby certify that on June 9, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First-Class Mail.

                                                s/Caitlin Shrum
                                                Case Manager